# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MAC'S BAR AND GRILLE, LLC, A ) <br> NEVADA LIMITED LIABILITY ) <br> COMPANY, DBA DADDY MAC'S, ET ) <br> AL., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-01584-GMN-CWH <br><br> **AMENDED ORDER ACCEPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE HOFFMAN** |

**The Court files this Amended Order to correct a typographical error in the original Order (ECF No. 28) that misidentified the Defendant as the party that filed the Second Motion for Default Judgment (ECF No. 20) rather than the Plaintiff.**

Before the Court for consideration is the Report and Recommendation (ECF No. 26) of the Honorable C.W. Hoffman, Jr., United States Magistrate Judge, entered February 11, 2014. Plaintiff J&J Sports Productions, Inc. ("Plaintiff") filed an Objection to the Report and Recommendation (ECF No. 27) on February 20, 2014. No response to the Objection has been filed by Defendants.

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 1-4, the Court has reviewed the record in this case and agrees with Magistrate Judge Hoffman's recommendation that Plaintiff's Second Motion for Default Judgment (ECF No. 20) be **Granted in part and Denied in part**. Therefore, the Court has determined that Magistrate Judge Hoffman's Recommendation should be **ACCEPTED** and **ADOPTED** to the extent that it is not inconsistent with this opinion.

## I.   BACKGROUND

On September 6, 2012, Plaintiff filed its Original Complaint (ECF No. 1), alleging

conversion and violations of 47 U.S.C. § 605 and 47 U.S.C. § 553 against Defendants for publicizing on July 31, 2010 *"Fight of the Year: The Rematch!": Juan Manuel Marquez v. Juan Diaz Championship Fight Program* without authorization from Plaintiff. (Compl., ECF No. 1.)[1] For this alleged misconduct, Plaintiff sought statutory damages in the amount of $170,000.00 in addition to compensatory damages, exemplary damages, punitive damages, reasonable attorneys' fees, and all costs of the suit. (*Id.* at 7:18-8:21.)  Plaintiff then filed affidavits of service indicating Defendants had been served as required by Federal Rule of Civil Procedure 4. (ECF Nos. 5, 7.)  Defendants failed to respond to the Original Complaint, and on October 16, 2012, Plaintiff filed its first Motion for Entry of Clerk's Default (ECF No. 8), which was granted the next day. (ECF No. 9.) On October 18, 2012, Plaintiff filed its Motion for a Default Judgment. (ECF No. 10.)

Less than a month later, on November 9, 2012, Plaintiff filed an Amended Complaint, which added the unauthorized publication of *"Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program* on November 13, 2010 to Plaintiff's claims. (Amended Compl., ECF No. 11.)  In the Amended Complaint, Plaintiff sought the same damages as those sought in the Original Complaint, despite the addition of another alleged act of misconduct. (*Id.*)  The Amended Complaint was then sent to Defendants via U.S. mail (ECF No. 12), Defendants failed to respond, a Second Motion for Entry of Default was filed (ECF No. 13), and Default Judgment was entered. (ECF No. 14.)

On May 3, 2013, Plaintiff filed a Second Amended Complaint, which added to its claims the unauthorized publication of a third televised fight, *WBO World Welterweight Championship between Manny Pacquiao and Shane Mosley*, on May 7, 2011. (Second Amended Compl., ECF No. 15.)  Plaintiff again sought the same damages as in the Original Complaint. (*Id.*)  The Second

---

[1] A more detailed description of the underlying claims and alleged misconduct is contained in Magistrate Judge Hoffman's Report and Recommendation. (ECF No. 26.)

1  Amended Complaint was sent via U.S. mail (ECF No. 16), Defendants again failed to respond, a
2  Third Motion for Entry of Default was filed (ECF No. 17), and Default Judgment was entered.
3  (ECF No. 18.)
4        Shortly thereafter, on July 8, 2013, Plaintiff filed a Second Motion for Default Judgment.
5  (ECF No. 20.) In the motion, Plaintiff modified the damages sought to $83,250.00 under 47
6  U.S.C. § 605(e)(3)(c)(i)(II) in statutory damages, $15,000.00 under 47 U.S.C. § 605(e)(3)(c)(ii)
7  in enhanced statutory damages based on willful violation for the purpose of commercial gain,
8  $6,600.00 in actual damages for the tort of conversion, and $1,800 in attorneys' fees for a total
9  amount of $106,650.00. (Proposed Default Judgment, ECF No. 20-1.)  A motion hearing was
10 then conducted by Magistrate Judge Hoffman on August 14, 2013 (ECF No. 25), and on
11 February 11, 2014 Judge Hoffman entered the Report and Recommendation, which
12 recommended default judgment be entered in favor of Plaintiff in the amount of $2,200.00,
13 $1,000.00 for violations of 47 U.S.C. § 605(e)(3)(c)(i)(II) and $1,200.00 for the tort of
14 conversion. (ECF No. 26.)

15 **II.    LEGAL STANDARD**

16       A party may file specific written objections to the findings and recommendations of a
17 United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B);
18 D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo
19 determination of those portions of the Report to which objections are made. *Id*.  The Court may
20 accept, reject, or modify, in whole or in part, the findings or recommendations made by the
21 Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

22 **III.   DISCUSSION**

23       Plaintiff's objection here is to the amount of damages provided by Judge Hoffman in the
24 Report and Recommendation.  As noted above, Plaintiff sought a total of $106,650.00 in its
25 Second Motion for Default Judgment while Judge Hoffman only recommended damages in the

amount of $2,200.00. The Court will address each of the bases for Plaintiff's damage requests in turn.

### a. Statutory Damages

Plaintiff seeks $83,250.00 in statutory damages under 47 U.S.C. § 605(e)(3)(c)(i)(II). (Proposed Default Judgment, ECF No. 20-1.) Section 605(e)(3)(c)(i)(II), however, provides that "the party aggrieved may recover an award of statutory damages for each violation … in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C.A. § 605(e)(3)(c)(i)(II). Even if the Court were to provide the statutory maximum under this provision for all three of Defendants' alleged violations, Plaintiff would still only be able to receive $30,000.00 in total. How Plaintiff arrived at its amount of $83,250.00 is as baffling to the Court as it was to Judge Hoffman,[2] and Plaintiff fails to provide any further explanation in its Objection for the wildly excessive amount requested. Instead, Plaintiff merely cites to several unreported cases in the Ninth Circuit with some facially similarity to the present matter where the District Court awarded the statutory maximum of $10,000.00 per claim. (Objection 6:4-9:9, ECF No. 27); *see e.g. J & J Sports Prods., Inc. v. Flores*, 1:08-CV-0483-LJO-DLB, 2009 WL 1860520, at *2 (E.D. Cal. June 26, 2009) ("the investigator, conducted three head counts while he was at Defendants' establishment, which were 35/35/33. There was no cover charge. Nor is there proof that Defendants profited from their actions. Accordingly, the Court finds that $10,000 per statutory violation is an appropriate remedy."). These cases, however, do not justify the inflated amount sought by Plaintiff.

---

[2] Judge Hoffman noted and this Court agrees that the only way Plaintiff could possibly be entitled to more than $30,000.00 in statutory damages is under 47 U.S.C.A. § 605(e)(4). *See* 47 U.S.C.A. § 605(e)(3)(C)(i)(II) ("[F]or each violation of paragraph (4) of this subsection[, which deals with persons who manufacture, assemble, or modify equipment for the unauthorized decryption of satellite cable programing,] involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."); (Report and Recommendation 7:5-12, ECF No. 26.) However, nowhere in the pleadings, motions, or filings does Plaintiff present facts that would support an award under that subsection.

1 Furthermore, as Judge Hoffman pointed out in the Report and Recommendation, while the
2 Original Complaint was properly served pursuant to Federal Rule of Civil Procedure 4 and
3 Plaintiff is entitled to default for the claims alleged in that complaint, Plaintiff's First and Second
4 Amended Complaints were served by mail, which is insufficient to constitute service under Rule
5 4. *See* Fed. R. Civ. P. 4; (Report and Recommendation 9:11-23, ECF No. 26.) While no service
6 is required on a party who is in default under Federal Rule of Civil Procedure 5, "a pleading that
7 asserts a new claim for relief against such a party must be served on that party under Rule 4."
8 Fed. R. Civ. P. 5(a)(2). As noted above, the Original Complaint only asserted claims based upon
9 one alleged pirating act, publicizing *"Fight of the Year: The Rematch!": Juan Manuel Marquez*
10 *v. Juan Diaz Championship Fight Program* without authorization, while the First and Second
11 Amended Complaints each added claims based on an additional pirating act, publicizing
12 *"Tactical Warfare": Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight*
13 *Championship Fight Program* and publicizing *WBO World Welterweight Championship between*
14 *Manny Pacquiao and Shane Mosley* without authorization respectively. (Compl., ECF No. 1;
15 Amended Compl., ECF No. 11; Second Amended Compl., ECF No. 15.) Therefore, because the
16 First and Second Amended Complaints asserted new claims that were not properly served upon
17 Defendants, Plaintiff is not entitled to default judgment on the additional claims. *See Anunciation*
18 *v. W. Capital Fin. Servs. Corp.*, 97 F.3d 1458, 1996 WL 534049, at *2 (9th Cir. 1996)
19 (unpublished) (finding that when a plaintiff seeks to serve an amended complaint that alleges
20 new claims on a defendant in default, service of the amended complaint must comply with the
21 service requirements of Rule 4); *see also International Controls Corp. v. Vesco*, 556 F.2d 665,
22 669 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978) (finding that an amended complaint only
23 supersedes the original complaint when it is effectively served). As a result, the applicable range
24 / / /
25 / / /

of statutory damages to which Plaintiff is entitled is $1,000.00-$10,000.00.[3]  It is within the Court's discretion to grant only $1,000.00, the minimum amount in the statutory range.[4]

### b. Enhanced Statutory Damages

Plaintiff has requested $15,000.00 in "enhanced" damages. (Proposed Default Judgment, ECF No. 20-1.)  Under the statute, the Court has discretion to increase a damages award by up to $100,000.00 if the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain…." *See* 47 U.S.C. § 605(e)(3)(C)(ii).  "In the absence of unusual or particularly egregious circumstances under which a defendant broadcasts a fight, however, it would be inappropriate to award the statutory maximum." *Don King Productions/Kingvision v. Maldonado*, No. C-97-3530-WHO-MED, 1998 WL 879683, at *1 (N.D. Cal. Dec. 11, 1998) (citation omitted).  Furthermore, "since ... allegations of willfulness bear directly on the question of damages, the mere assertion that Defendant[s] acted willfully is insufficient to justify enhanced damages." *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1198 (N.D. Cal. 2000) (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.")). Additionally, to show "commercial advantage or private gain," a plaintiff must allege something more than the

---

[3] Like the discrepancy between the statutory maximum and the amount sought, Plaintiff has failed to address the deficiency of service at all in its Objection.  There is not a single mention of this issue, and Plaintiff appears to simply assume that it is entitled to the statutory maximum, or more, for all three of the alleged pirating acts. *See e.g.* (Objection 6:6-8, ECF No. 27) ("the amount of statutory damages to which Plaintiff is entitled for **each** violation of this section shall be no less than $1,000.00 nor more than $10,000.00 for each violation.") (emphasis in original).

[4] Judge Hoffman's observed that all three of the alleged pirating acts occurred before the filing of the Original Complaint and that the staggering of each act into a separate complaint appears to be a deliberate and calculated effort to raise additional claims without giving Defendants fair notice. (Report and Recommendation 10:27-11:12, ECF No. 26.)  Again, Plaintiff has failed to address why these claims were staggered, leaving this Court with the impression that Judge Hoffman was correct in his belief that the move was specifically calculated to keep Defendants from being reasonably apprised of the claims alleged against them.  This Court is loath to reward such practices by granting Plaintiff a higher award within the statutory range.

unauthorized airing of a program, such as engaging in promotional advertising, charging a premium for food or drinks, or imposing a cover charge. *Id.*

In denying Plaintiff any "enhanced" damages under the statute, Judge Hoffman noted that Plaintiff submitted no evidence suggesting that Defendants obtained any "commercial advantage or private financial gain" from its unauthorized airing of the fights. (Report and Recommendation 8:8-17, ECF No. 26.) Specifically, there was no evidence of a cover charge, no evidence of promotion, no evidence of a premium being charged for food, and no evidence that Defendants were repeat or flagrant violators. (*Id.*) The only support for the enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii) was the Affidavit in Support of Default, which contained no evidence but asserted Plaintiff's president's unhappiness with the types of facts courts use for supporting enhancement. (Affidavit in Support of Default ¶¶ 13-18, ECF No. 24.)

In its Objection, Plaintiff does present some evidence concerning whether Defendants sought a commercial advantage by showing the fights in the form of three Affidavits of Plaintiff's Agent Robert Beall. (Affidavits of Robert Beall ECF No. 27-4.) Rather than show Defendants as the worst sort of offenders, however, these affidavits provide, at best, mixed evidence concerning whether enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii) are appropriate here. Cutting in favor of a finding for enhanced damages are the facts that Defendants displayed the fights on a large projector screen approximately 100" in length and that Defendants are shown to have displayed the fights without authorization multiple times while between 30 and 51 patrons were inside the establishment. (*Id.*) Cutting against a finding for enhanced damages are the facts that no cover charge was required for entrance and that there is no indication in the affidavits that promotional materials of the fights were displayed, that premiums were charged for food or drinks, or that any significant number of the patrons were actually watching the fights. (*Id.*) Because there is at least some evidence showing a commercial purpose for the unauthorized showing of the fight subject to this default judgment and this Court

1 recognizes that imposing an enhanced award may have a deterrent effect upon other
2 establishments who engage in such pirating acts, the Court finds increased damages pursuant to
3 47 U.S.C. § 605(e)(3)(C)(ii) in the amount of $1,000.00 to be appropriate here.

### c. Conversion Damages

Plaintiff has requested $6,600.00[5] in damages for the tort of conversion. (Proposed Default Judgment, ECF No. 20-1.) In Nevada, a conversion occurs whenever there is a serious interference to a party's rights in his property. *Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1168 (D. Nev. 2005). In the event of a conversion, the injured party is entitled to full compensation for his actual losses. *Winchell v. Schiff*, 193 P.3d 946, 950-951 (Nev. 2008). If the record reflects that the injured party suffered lost business as a result of the conversion, then the injured party is entitled to the value of lost business as compensation for actual losses. *Id.* at 951.

As noted by Judge Hoffman, the only proof offered by Plaintiff regarding its actual losses for the claims subject to default are found in the Affidavit in Support of Default, which notes that the commercial sub-license fee for the *"Fight of the Year: The Rematch!": Juan Manuel Marquez v. Juan Diaz Championship Fight Program* was $1,600.00 based on a maximum occupancy of 150. (Affidavit in Support of Default pp. 4 and 11, ECF No. 24.) While no evidence was submitted with the Motion for Default Judgment supporting the assertion that Defendants have a maximum seating capacity of 150, which led Judge Hoffman to only recommend $1,200.00 in damages based on the fee for the smallest size venue, the three Affidavits of Plaintiff's Agent Robert Beall attached to Plaintiff's Objection noted that the seating capacity was approximately 150. (Affidavits of Robert Beall ECF No. 27-4.) Though meager, these affidavits provide enough proof to support a finding in default that Defendants' seating capacity was at least 101 and that Plaintiff is entitled to conversion damages in the

---

[5] In its Objection, Plaintiff changes its request and asserts that it "seeks $10,000,00 [sic] in conversion damages, the amount Defendants would have been required to pay had they ordered the [broadcasted fights] from Plaintiff." (Objection 15:4-6, ECF No. 27.)

amount of $1,600.00, equal to the listed rate for the fight subject to this default judgment at a venue with a capacity between 101 and 200 patrons.

### d. Attorney's Fees and Costs

Plaintiff qualifies as a "person aggrieved" under Section 605, and is thus entitled "to the recovery of full costs, including awarding reasonable attorneys' fees. . . ." *See* 47 U.S.C. § 605(e)(3)(B)(iii). "However, even if a statute entitles a Plaintiff to damages, Plaintiff must still show proof of the relief requested pursuant to Fed. R. Civ. P. 54 and Local Rule 54-1 through 54-16." *J & J Sports Prods., Inc. v. Bonito Michoacan, Inc.*, 2:12-CV-01519-RCJ, 2013 WL 5234262, at *7 (D. Nev. Sept. 16, 2013). Plaintiff's counsel, who was also Plaintiff's counsel in *Bonito Michoacan*, is aware of the requirement but failed to provide any proof of attorney's fees or costs with the Second Motion for Default Judgment. More troubling, however, is that Plaintiff's counsel failed to provide such proof in either the Objection or another filing after Judge Hoffman explicitly advised Plaintiff's counsel to provide such proof in the Report and Recommendation and granted an additional ten days for counsel to submit a proper application for fees and costs. As there is still no proof in the record to support the award of attorney's fees and costs, none shall be granted here.

### IV. CONCLUSION

The Court recognizes the importance of protecting the rights of parties against unlawful piracy and the signal a small damages award could send to potential future pirates calculating the risks and rewards involved in violating 47 U.S.C. § 605. In this case, however, the Court must also consider the effect a large damages award may have on future plaintiffs who seek unreasonably high awards with no justification and negligible effort to support their claims. Here, Plaintiff's pleadings are aptly described as "cookie-cutter," and Plaintiff's Second Motion for Default Judgment requests damages that appear to have no basis in law or fact. (Report and Recommendation 6:5-8, ECF No. 26.) Plaintiff's Objection amounts to little more than a

complaint about the difficulty of stopping broadcast piracy and the pasting into a document of a handful of opinions where large damage awards were granted by various courts without any significant application of those cases to the present matter.  Perhaps if Plaintiff's counsel had actually bothered to read the Report and Recommendation and had objected with authorities or facts that responded to Judge Hoffman's concerns and analysis, then this Court would be more inclined to exercise its discretion in granting a default judgment for a higher amount of damages within the statutory range.  That ship, however, has sailed.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (ECF No. 26) is **ACCEPTED and ADOPTED** to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that that Default judgment should be entered in favor of Plaintiff for $3,600.00, broken down as follows: (1) $1,000.00 in statutory damages for the violations under 47 U.S.C. § 605(e)(3)(C)(i)(II), (2) $1,000.00 in enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and (3) $1,600.00 in damages for the tort of conversion.

**DATED** this 14th day of March, 2014.

**NUNC PRO TUNC date:  03/11/2014.**

_____
Gloria M. Navarro, Chief Judge
United States District Court